**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

CARLOS GOMEZ, for himself  and  on
behalf of those similarly situated,

     Plaintiff,

CASE NO.: 2:25-cv-16093

vs.

 HOME SERVICE NETWORK, INC.,

     Defendants.

_____ /

**COLLECTIVE ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, CARLOS GOMEZ ("Plaintiff"), for himself and on behalf of those similarly situated, hereby files this Complaint against Defendant, HOME SERVICE NETWORK, INC., a Virginia Corporation ("HSN"), and states as follows:

**JURISDICTION AND VENUE**

1.     Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201, *et seq*.) ("FLSA"), to obtain declaratory relief, a judgment against Defendant as to liability, recover unpaid back wages, an additional equal amount in liquidated damages, and to recover reasonable attorneys' fees and costs.

2.     The jurisdiction of the Court over this controversy is proper pursuant to 28 U.S.C. § 1331 as these claims arise under 29 U.S.C. §216(b).

3.     Venue is proper in this Court because Defendant maintains business operations within the District, and Plaintiff's claims accrued in this District.

4.     This Court has personal jurisdiction over Defendant because Defendant's principal place of business is within this District.  Defendant's principal place of business is located at 49 Commerce Road, Carlstadt, NJ 07072.

**INTRODUCTION**

5.      The Defendant in this case violated the FLSA by failing to pay Plaintiff and other similarly situated field technicians the legally-mandated overtime compensation for hours worked in excess of forty (40) in a workweek.

6.      This action is intended to include each and every field technician who worked for Defendant at any time within the three (3) years immediately preceding this Complaint through the date of Judgment in this case.

**PARTIES**

7.      Plaintiff is a citizen/resident of South Carolina.

8.      At all times material to this action, Defendant, HSN, was and continues to be a Virginia Corporation.

9.      Further, at all times material to this action, Defendant, HSN, was, and continues to be, engaged in business in New Jersey, doing business, in Bergen County, New Jersey.

10.     Defendant, HSN, is currently listed with the New Jersey Department of State, Division of Revenue and Enterprises, as an "Active" business, at 49 Commerce Road, Carlstadt, New Jersey 07072 as its principal address. *See* Corporation search result attached hereto as **EXHIBIT 1**.

11.     At all times material to this action, Plaintiff was an "employee" of Defendant within the meaning of the FLS.

12.     At all times material to this action, Defendant was Plaintiff's "employer" within the meaning of the FLSA.

13.     Defendant was, and continues to be, an "employer" within the meaning of the FLSA.

14.     At all times material to this action, Defendant was, and continues to be, an "enterprise engaged in commerce" and an enterprise engaged in the "handling, selling, or otherwise working on goods and materials that have been moved in or produced for commerce by any person" within the meaning of the FLSA.

15.     Based upon information and belief, the annual gross revenue of Defendant, HSN, was in excess of $500,000.00 per annum in each of the three (3) years preceding the filing of the Complaint in this action.

16.     At all times material hereto, Defendant simultaneously operated in two (2) or more states.

17.     At all times material to this action, Defendant had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce such as electronics, tools, vehicles and appliances which were used directly in furtherance of Defendant's commercial activity.

18.     At all times material hereto, the work performed by the Plaintiff was directly essential to the business performed by Defendant.

## STATEMENT OF FACTS

19.     On or around March 2024, Defendant hired Plaintiff, Carlos Gomez, to work as a field technician at its Orlando, Florida location.

20.     At all times relevant to his employment, Plaintiff was a non-exempt employee entitled to overtime compensation under the FLSA.

21.     Plaintiff's job duties, like the other field technicians, included, but were not limited to installing, maintaining and repairing electronics and appliances.

22.     Plaintiff was paid solely $45 per completed job.

23.     Defendant paid Plaintiff, and all other similarly situated field technicians, solely a per job amount, irrespective of the number of hours or overtime hours worked each week.

24.     Although Plaintiff worked over 40 hours in virtually every workweek, Defendant failed pay Plaintiff any overtime premiums for his overtime hours worked.

25.     Instead, Defendant paid Plaintiff solely his per job amount per job completed, irrespective of the number of hours and overtime hours worked each week.

26.     Defendant maintained unlawful policies and practices pursuant to which they failed to pay field technicians proper overtime premiums.

27.     In the majority of workweeks in the three (3) years preceding the filing of this Complaint, Plaintiff and those similarly situated worked for Defendant in excess of forty (40) hours within a workweek.

28.     Defendant failed to compensate Plaintiff or those similarly situated at one and one-half times the minimum allowable rate of hourly pay for their overtime hours, or at time and one-half of any other amount that is determined to be the "regular rate of pay."

29.     Due to the policies and practices described above, during the three (3) years preceding the filing of this Complaint, up to the present, Defendant failed to compensate Plaintiff and those similarly situated at a rate of one and one-half their regular rate of pay, or even at the minimum allowed overtime rate of pay, for all hours worked in excess of forty (40) hours in a single workweek.

30.     Plaintiff and those similarly situated who worked for Defendant in the three (3) years prior to the commencement of this lawsuit should be compensated at the rate of one and one-half their regular rate of pay for those hours that they worked in excess of forty

(40) hours per workweek, which must, at a minimum, be one and a half times the lowest lawful minimum wage, as required by the FLSA.

31.    Defendant has violated Title 29 U.S.C. §207 during the three (3) years preceding the filing of this Complaint, in that:

  a.  Plaintiff and those similarly situated worked in excess of forty (40) hours per workweek during their employment with Defendant; and
  b.  No payments, or insufficient payments and/or provisions for payment, have been made by Defendant to properly compensate Plaintiff and those similarly situated at the statutory rate of one and one-half their regular rates of pay for all hours worked in excess of forty (40) hours per workweek as provided by the FLSA, which rate must, at a minimum, be no less than one and one-half times the lowest lawful minimum wage.

32.    Defendant knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice of failing to pay proper overtime compensation with respect to Plaintiff and those similarly situated, as Defendant knew or with reasonable diligence should have known that Plaintiff and other field technicians were entitled to be paid for all of their overtime hours at an overtime rate, such that they did not qualify Defendant for any exemption to the FLSA's requirement to pay overtime premiums.

33.    Defendant's failure to pay proper overtime was knowing or in reckless disregard of the law.

34.    Defendant failed and/or refused to properly disclose or apprise Plaintiff of his rights under the FLSA.

35.    The additional persons who may join this action are those similarly situated to Plaintiff, who were also not paid appropriate overtime wages due to the Defendant's policies and practices described above.

## **COLLECTIVE/CLASS ACTION ALLEGATIONS**

36.    Plaintiff and the putative collective class members are all field technicians and performed the same or similar job duties as one another in that they repaired, maintained and installed electronics and appliances for Defendant's customers.

37.    Defendant's uniform method of payment to Plaintiff and the putative collective members (i.e. payment per job without respect to number of hours worked) resulted in a violation of the FLSA and a failure to pay Plaintiff and the putative collective members the required overtime wages due.

38.    These policies and practices were applicable to Plaintiff and the putative collective members.

39.    Accordingly, the putative collective members are properly defined as:

> **All "Field Technicians" paid per job, who worked for Defendant at Home Service Network, Inc, at any time from September 25, 2022, to the present.**

40.    Defendant knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to pay overtime wages with respect to Plaintiff and the putative collective members.

41.    Upon information and belief within the applicable statute of limitations, other individuals were subject to the patterns, practices, and policies described herein, which violate the FLSA.

42.    Upon information and belief within the applicable statute of limitations, other individuals who worked with Plaintiff or in a similar position as Plaintiff were paid in the same manner, performed similar work as described above, and were not properly compensated for all hours worked as required by state and federal wage laws.

43.    Defendant's failure to pay wages and overtime compensation at the rates

required by the FLSA are the product of generally applicable, systematic policies, and practices which are not dependent on the circumstances of each individual employee.

44.    Because they were subject to common policies and practices while performing similar work, Plaintiff's experiences, and the violations to which they were subject are typical of those experienced by others in the proposed class.

45.    The specific job titles of those in the proposed class do not prevent collective treatment, because they performed similar work and were subject to the same unlawful practices and policies.

46.    Plaintiff has no interests contrary to, or in conflict with, the proposed collective he seeks to represent. Rather, Plaintiff has an interest in obtaining all monies owed under the FLSA.

47.    A collective action, such as the instant one, is superior to other available means to achieve efficient and fair resolution of this action.

48.    Absent this litigation, those Plaintiff seeks to represent likely will not obtain any remedy for their injuries, and Defendant will receive improper benefit, even though they have engaged in systematic and egregious violation of the FLSA.

49.    Litigating this matter as a collective action promotes judicial economy and efficiency.

50.    Questions of law and fact common to those Plaintiffs seek to represent predominate over any questions affecting only particular individuals. Such common questions of law and fact include, but are not limited to:

   a. Whether Defendants employed Plaintiff and the proposed class within the meaning of the FLSA;
   b. Whether Plaintiff and the proposed class were improperly denied overtime wage compensation; and
   c. Whether the violation of the FLSA was willful.

51.     Plaintiff's claims are typical of the claims of those he seeks to represent.

52.     Plaintiff and the proposed class were uniformly damaged by Defendant's unlawful policies, which were equally applicable to Plaintiff and the proposed collective.

53.     There are no litigation management issues which preclude or hinder the ability of this matter to proceed as a class action.

54.     While the amount of damages may vary to some degree between members of the class, the facts establishing liability are common.

55.     Moreover, calculations as to damages will be largely a matter of mathematical calculation once each class member's work hours are known.

**COUNT I**
**RECOVERY OF OVERTIME COMPENSATION**
**(FLSA)**

56.     Plaintiff realleges Paragraphs 1 through 55 of the Complaint as if fully set forth herein.

57.     In the three (3) years preceding the filing of the Complaint in this action, in one or more workweeks, Plaintiff and other field technicians worked hours in excess of forty (40) hours for which Plaintiff and other field technicians were not compensated at the statutory rate of one and one-half their regular rate of pay.

58.     Plaintiff and other field technicians were and are entitled to be paid at the statutory rate of one and one-half their regular rate of pay for all hours worked in excess of forty (40) hours in a workweek.

59.     Defendant's actions were willful and/or showed reckless disregard for the provisions of the FLSA as evidenced by its failure to compensate Plaintiff and other field technicians at the statutory rate of one and one-half times their lowest lawful rate of pay for all hours in excess of forty (40) hours per workweek when it knew, or should have known,

such was, and is due.

60.     During the three (3) years preceding the filing of the Complaint in this matter, other servers were not paid proper overtime for hours worked in excess of forty (40) in one or more workweeks because Defendant has failed to properly pay Plaintiff proper overtime wages at one and one-half his regular rate of pay for such hours, pursuant to a policies, plans, and practices which were equally applicable to all field technicians.

61.     Defendant has failed to properly disclose or apprise Plaintiff of Plaintiff's rights under the FLSA.

62.      Due to the intentional, willful, and unlawful acts of Defendant, Plaintiff has suffered and continues to suffer damages and lost compensation for certain hours worked over forty (40) hours in one or more workweeks, plus liquidated damages.

63.     Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

64.     At all times material hereto, Defendant failed to comply with Title 29 and United States Department of Labor Regulations, 29 C.F.R. §§516.2 and 516.4, with respect to those similarly situated to the named Plaintiff by virtue of the management policy, plan or decision that intentionally failed to maintain required payroll records for their field technicians, and failure to post adequate notices in compliance with the FLSA.

**<u>REQUEST FOR RELIEF</u>**

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor against the Defendant:

      a.  An Order Certifying this case as a collective action in accordance with 29 U.S.C. § 216(b) with respect to the FLSA claims set forth herein;

      b.  An Order compelling Defendant to disclose the names and addresses of all

9

FLSA Class Members and permitting Plaintiff to send notice of this action all similarly situated individuals, including the publishing of notice in a manner that is reasonably calculated to apprise the FLSA Class Members of their right to join and participate in this lawsuit;

c.  An Order granting judgment in favor of Plaintiff and against Defendant and awarding Plaintiff and FLSA Class Members the full amount of damages and liquidated damages available by law;

d.  Overtime compensation for all hours worked over forty (40) hours in a work week at the applicable time and one-half rate;

e.  An equal amount of all owed wages as liquidated damages as allowed under the FLSA;

f.  Awarding Plaintiff pre-judgment and/or post-judgment interest;

g.  Reasonable attorney's fees, costs and expenses of this action as provided by statute; and

h.  Such other relief to which Plaintiff and FLSA Class Members may be entitled, at law or in equity.

## **JURY DEMAND**

Plaintiffs demand trial by jury on all issues so triable as a matter of right by jury.

Dated this <u>29th</u> day of September 2025.

Respectfully submitted,

**/s/** *__Andrew R. Frisch__*
Andrew R. Frisch
NJ Bar No. 038452000
Morgan & Morgan, P.A.
8151 Peters Road, Suite 4000
Plantation, FL 33324
Tel: (954) WORKERS
Fax: (954) 327-3013
E-mail: afrisch@forthepeople.com
*Attorney for Plaintiff(s)*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed using the

CM/ECF system on this <u>29th</u> day of September 2025, which I understand will send notification

of same to all counsel of record.

**/s/** *__Andrew R. Frisch__*
Andrew R. Frisch